# EXHIBIT 1

EFiled:  Mar 09 2022 10:10PM EST
Transaction ID 67382180
Case No. N22C-03-087 FJJ

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KARL W. MCINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | DECLARATORY |
| | ) | JUDGMENT |
| ALLIED WORLD | ) | |
| INSURANCE COMPANY, and | ) | |
| AMERICAN PROFESIONAL | ) | |
| AGENCY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Karl McIntosh, by and through his undersigned counsel, as and for his complaint for declaratory relief against Defendants, alleges as follows:

### Nature of the Action

1.     This is an action seeking Declaratory Relief, pursuant to 10 Del. C. § 6501, arising from Defendants' breach of an insurance contract and its wrongful refusal to honor its contractual obligations under the professional psychiatrist liability insurance policy ("Policy") issued to one Karl W. McIntosh ("Plaintiff").

2.     This action seeks a declaration that: (1) the Defendants' decision to rescind Plaintiff's professional liability Policy is void; and (2) Defendants remain obligated to provide a defense and indemnity coverage for the lawsuit pending against Plaintiff.

### The Parties

3.    Plaintiff Karl McIntosh is an adult resident of the State of Delaware, residing at 2204 Old Kennett Rd, Wilmington, DE 19807.

4.    Defendant, Allied World Insurance Company ("Allied World"), is a New Hampshire corporation with its principal place of business located at 14 Centre St., Concord, NH, 03301.  Its Registered Agent for Service of Process is Corporation Service Company, located at 10 Ferry St., Suite 313, Concord, NH 03301.

5.    Defendant, American Professional Agency, Inc. ("APA"), on information and belief is a New York corporation with its principal place of business at 95 Broadway, Amityville, NY 11701.  Its Registered Agent for Service of Process is Robert L. Folks & Associates LLP, Attorneys at Law, located at 538 Broad Hollow Rd., Suite 301, Melville, NY 11747.

### The Insurance Contract

6.    Defendants provided Plaintiff with professional liability insurance for his practice as a professional psychiatrist under policy number 0001-1095 ("the Policy"), which as of April 25, 2020 was retroactive to April 25, 1996 and given an expiration date of April 25, 2021.

7.    Prior to the renewal of the Policy in April 2020, Plaintiff disclosed to a representative of Defendants that he had been convicted of a Delaware

misdemeanor charge of falsifying business records in September 2019. He also disclosed that the Pennsylvania State Board of Medicine conducted disciplinary proceedings based on the misdemeanor conviction, resulting in Plaintiff's voluntary surrender of his Pennsylvania license to practice medicine.

8.    As of April 25, 2020, the Policy provided insurance for professional liability with limits of liability $1,000,000 - $3,000,0000.

9.    On March 27, 2021, prior to the termination of the Policy, Plaintiff received a Notice of Intent to Investigate a medical malpractice claim against him in connection with professional services rendered to Charlene DiStefano. On or around March 27, 2021, Plaintiff forwarded the Notice of Intent to Investigate to Defendant APA.

10.    On April 23, 2021, Defendants notified Plaintiff that the Policy was being extended through June 24, 2021, after which it would not be renewed.

11.    Defendants cited the following as grounds for non-renewal of the Policy: (1) a criminal misdemeanor conviction in the Delaware Superior Court; and (2) disciplinary proceedings before the Pennsylvania State Board of Medicine that resulted in Plaintiff's voluntary surrender of his medical license in that state. Defendants claimed this information was material to the risk of the insurance policy and that had this information been disclosed at the time of Plaintiff's application, the policy would not have been renewed.

12.  Defendants in their April 23, 2021 notification informed Plaintiff that if Defendants determined rescission of the Policy was justified, then the Policy would be *void ab initio*.  As a result, no coverage would be provided to future claims arising out of covered activities that occurred during the Policy period.

13.  Subsequently, on May 19, 2021, Allied World sent a follow-up letter to Plaintiff that stated due to the alleged "material nondisclosures" the Defendants were entitled to rescind the Policy. As a result, the Defendants deemed the policy *void ab initio*, with no coverage available for any claim resulting from covered activities during the Policy Period of April 25, 2020, to June 24, 2021. This included the DiStefano medical malpractice claim of which Plaintiff informed the Defendants while covered by the Policy.

14.  Plaintiff informed Defendants of, and Defendants had actual knowledge of, both the criminal proceedings and Pennsylvania medical board proceedings at the time they renewed the Policy in April 2020.  There were therefore no material nondisclosures supporting the rescission of the Policy.

15.  However, even if Defendants' representative failed to record or relay Plaintiff's disclosures or Defendants were otherwise unaware of the criminal misdemeanor charges and the disciplinary proceeding before the Pennsylvania Board of Medicine, this information was nonetheless not material to the risk.

16.  Plaintiff's criminal misdemeanor charge of falsifying business records and his voluntary license surrender in Pennsylvania did not stem from actions that signified any risk that he would negligently cause harm to a patient via deviation from accepted medical or therapeutic standard practices.  The fact that a doctor falsified business records was and is simply not material to the risk that the doctor would negligently cause harm to a patient via a deviation from accepted medical or therapeutic standard practices.

### The Instant Declaratory Judgment Claim

17.    Defendants insured Plaintiff on the date of the Intent to Investigate.

18.    Defendants owed Plaintiff a duty to provide a defense attorney and indemnity coverage should a judgment be entered against him for negligent administration of medical or therapeutic care.

19.    Plaintiff received a Notice of Intent to Investigate a medical malpractice claim on March 27, 2021, which he promptly forwarded to Defendants. Following, on June 22, 2021, a medical malpractice lawsuit was filed due to Plaintiff's alleged negligent administration of medical care, in Delaware Superior Court Case No. N21-06-233 FJJ.

20.    Because of Defendants' improper recission of the Policy after Plaintiff forwarded the Notice of Intent to investigate, Plaintiff was forced to retain counsel.

21.    Plaintiff has been without professional liability coverage and, as a result, has been and continues to be adversely affected by the rescinded Policy.

22. The law in the State of Delaware, 18 *Del. C.* § 2711, reads:

All statements and descriptions in any application for an insurance policy or annuity contract by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent; or

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

23.    Defendants alleged that Plaintiff's representations within the Policy renewal were material to the risk and had the disclosures been made they would not have insured the Plaintiff or at a higher premium.

24.    Whether or not Plaintiff failed to note the criminal and professional board proceedings in writing, he disclosed those matters to a representative of Defendants prior to the renewal of the policy.  Furthermore, Plaintiff's criminal and professional board proceedings were not material to the risk of his professional insurance policy with the Defendants.

25.    As a result, the Defendants did not have a right to rescind the Policy; they must defend and provide indemnity coverage to the Plaintiff in the pending civil litigation in the Superior Court of Delaware.

26.    An award of declaratory relief by this Court will terminate all or some of the existing controversy between the parties.

27.    Plaintiff requests by the instant Declaratory Judgment action that this Court rejects Defendants' May 19, 2021, rescission of coverage.

28.    Plaintiff by the instant Declaratory Judgment action respectfully requests judgment declaring that he shall be immediately provided defense and indemnification for liabilities resulting from alleged negligence found by any court to have occurred during the term of the Policy, up to the Policy Limit.

## Requests for Damages

29.    As a result of Defendants' conduct, Plaintiff has suffered confusion, embarrassment, hardship, emotional distress, and was forced to hire representation from a third party, which lead to unexpected litigation expenses and further monetary loss.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against one or more of the Defendants as follows:

a. Declaring the parties' rights, duties, status, or other legal relations under the Policy;

b. Requiring that Defendants immediately defend and provide indemnity coverage to the Plaintiff in the civil lawsuit against him based on his treatment of Charlene DiStefano in the Superior Court of the State of Delaware (C.A. No. N21C-06-233 FJJ);

c.  Order that Defendants pay all costs of the instant litigation and costs incurred to date in the civil lawsuit against Plaintiff; and

d. Order that Defendants pay damages to the Plaintiff for his embarrassment, hardship, emotional distress, confusion, as well as economic loss from hiring representation for the present litigation.

SCHWARTZ & SCHWARTZ

By: /s/ Benjamin A. Schwartz
BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145
1140 South State Street
Dover, Delaware 19901
(302) 678-8700

Dated:  March 9, 2022